JUDGES—COLLETT AND WRIGHT.

---

HAYS *v.* MAY.

Negotiable notes—endorser and endorsee—proof of real transactions between the parties.

An agreement between the holder of a note and his endorsee, that the latter shall sue the note, &c., and if he fail to collect, the endorser will pay him the amount, is an agreement independent of the endorsement, and no way affects the legal interest transferred.

As between the parties to an endorsement of a negotiable note, the real transaction under which the endorsement was made may always be shown, though it is otherwise, as it regards strangers.

Where a note is endorsed after due, or with notice of the real transaction between the parties, the circumstances may be proven.

ASSUMPSIT. The declaration contained three counts :—1st. Upon a note for one hundred and twenty dollars, dated in December, 1826, payable by Clark to May, on interest from date, without any day of payment named. 2d. Upon a contract, that in consideration the plaintiff would receive *the* note in payment of a sum due from defendant, and in a reasonable time proceed to recover the same by suit at law, if it was not recovered he would pay the amount and interest, avers that he sued, recovered a judgment, and obtained execution, which is not satisfied. 3d. The common money counts. Plea—non assumpsit.

*Willey* and *E. Whittlesey,* for the plaintiff, abandoned the first count after the evidence was heard

*S. J. Andrews,* for the defendant, objected that the contract set forth in the second count, if found, operated to restrain the endorsement in blank, in its legal mercantile effect, and so was inadmissible.

WRIGHT, J. to the jury. The point made by the defendant's counsel is not tenable. The endorsement of the note transfers the legal ownership to the endorsee, and is not in any way affected by the agreement set up in evidence. That is an independent agreement; for a good consideration, and affects not the legal transfer. But the endorsement on a note, as between the parties, has no such sanctity as counsel suppose. Between strangers, if the endorsement was made before the note fell due, it would transfer the interest, so that the endorser would not be at liberty to show any of

82

the circumstances attending the transfer to affect the right of the holder. But, as between the endorser and endorsee, the real transaction may always be shown. If the contract, therefore, is *proven to your satisfaction, and the plaintiff has done what he [81 was bound to do by it, he is entitled to a verdict for the note and interest.

Verdict for the plaintiff, and judgment.